
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH S. CZERWINSKI AND
HEIDI R. CZERWINSKI,

    Plaintiffs,

v.

BANK OF AMERICA, et al.,

    Defendants.
_____/

Case No. 12-14035

HONORABLE DENISE PAGE HOOD
in the absence of the
HONORABLE MARK A. GOLDSMITH

**ORDER DENYING EMERGENCY MOTION TO DISMISS WITHOUT PREJUDICE OR STAY STATE COURT EVICTION PROCEEDINGS UNTIL THIS LITIGATION IS ADJUDICATED**

**I.   BACKGROUND**

This matter is before the Court on Plaintiffs' Emergency Motion to Dismiss Without Prejudice or Stay State Court Eviction Proceedings until this Litigation is Adjudicated. Plaintiffs seek an order from this Court to dismiss the State Court eviction proceedings before Michigan's 53rd District Court commenced on September 7, 2012. A hearing is scheduled before the 53rd District Court on October 2, 2012, 8:30 a.m. (Motion, Ex. 1, *Bank of New York Mellon v. Czerwinski,* Case No. 12-3164-LT)

The case before this Court was removed from the Livingston County Circuit Court by Defendant Bank of America, N.A. on September 12, 2012. Plaintiffs' Complaint was filed on August 8, 2012 alleging eleven counts relating to wrongful foreclosure proceedings instituted by Bank of America against Plaintiffs. On August 9, 2012, the Livingston County Circuit Court issued

an Ex-Parte Temporary Restraining Order and Order to Show Cause enjoining Defendants' officers, agents, servants, employees and attorneys from enforcing eviction proceedings against Plaintiffs pending a show cause hearing scheduled for August 30, 2012. (Doc. No. 1, Pg ID 81) At the request of Defendants, Plaintiffs agreed to adjourn the show cause hearing to September 13, 2012. The hearing did not take place since Defendants removed the matter to this Court. No further hearing has been scheduled on the matter.

Plaintiffs assert that despite the TRO in place on August 9, 2012, eviction proceedings commenced against Plaintiffs before the 53rd District Court, State of Michigan. (Motion, Ex. 1) The party instituting the eviction proceedings did not disclose to the 53rd District Court that Plaintiffs had commenced a lawsuit regarding the property at issue and that a TRO was in place. Plaintiffs now seek an order either dismissing without prejudice the 53rd District Court eviction proceedings or staying the eviction proceedings pending the resolution of the case before this Court. Other than Rule 65 of the Rules of Civil Procedures, Plaintiffs do not cite any legal support for the requested relief and whether this Court has any authority to dismiss or stay a State Court proceeding.

The Court considers the instant emergency motion as a motion filed under Rule 65(b) of the Rules of Civil Procedure. Rule 65(b) of the Rules of Civil Procedure governs a Motion for Temporary Restraining Order which provides:

> **(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
> (B) the movant's attorney certifies to the court in

> writing any efforts made to give the notice and the reasons why it
> should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. Based on a review of Plaintiffs' motion, Plaintiffs may suffer irreparable harm as a result of an illegal eviction from his property. Generally, because a piece of real property is unique, its loss has been considered irreparable injury. As the Seventh Circuit has noted, "[i]t is settled beyond the need for citation ... that a given piece of property is considered to be unique, and its loss is always an irreparable injury." *United Church of the Medical Ctr. v. Medical Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir.1982); *cf. Brown v. Artery Organ., Inc.* 654 F.Supp. 1106, 1118-19 (D.D.C.1987) (wrongful eviction

constitutes irreparable harm because of relocation costs, difficulty in commuting from a new location, additional time needed, potentiality for homelessness). Plaintiffs are not requesting that the Defendants *before* this Court be enjoined from certain acts. Plaintiffs are seeking an order to dismiss without prejudice or to stay the proceedings before the 53rd District Court. Such an order impacts the sovereignty and comity between the federal and state courts.

The Supreme Court held that a federal court exceeded its authority under the "relitigation exception" to the Anti-Injunction Act, 28 U.S.C. § 2283, when the federal court enjoined a state court from proceeding on a motion before the state court. *Smith v. Bayer Corp.,* 131 S.Ct. 2368, 2373 (2011). Additionally issuing such an order implicates the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Under that doctrine, a federal district court has no authority to review final judgments of a state court judicial proceedings; review of such judgments may be had in the United States Supreme Court. *Feldman,* 460 U.S. at 482. To the extent that a federal district court is requested to review a state court's order, the federal district court lacks subject-matter jurisdiction over those complaints. Lower federal courts possess no power whatever to sit in direct review of state court decisions. If constitutional or any federal claims presented to a federal district court are inextricably intertwined with a state court's judicial proceeding, then the federal district court is in essence being called upon to review the state-court decision, which the federal district court may not do. *Id.* at 483.

As to the certification requirement, Plaintiffs' counsel did not certify the efforts made to contact defense counsel prior to the filing of this motion.

4

Accordingly,

For the reasons set forth above,

IT IS ORDERED that the Emergency Motion to Dismiss Without Prejudice or Stay State Court Eviction Proceedings Until This Litigation Is Adjudicated **(Doc. No. 5)** is DENIED.  This denial is without prejudice to Plaintiffs' right to make these claims before the 53rd District Court.

                                              s/Denise Page Hood
                                              DENISE PAGE HOOD
                                              United States District Judge
                                              In the Absence of
                                              MARK A. GOLDSMITH
                                              United States District Judge

DATED: October 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2012, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager